IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAVON CECIL SMITH, EZ-5402,  )
    Petitioner,  )
      )
    v.  )  2:15-cv-1449
      )
MS. KATHLEEN KANE, et al.,  )
    Respondents.  )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Lavon Cecil Smith for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Lavon Cecil Smith an inmate at the State Correctional Institution at Pittsburgh has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

In his petition Smith seeks to challenge a life plus twenty to forty year sentence imposed following his conviction by the court of first degree murder, criminal attempted murder and aggravated assault at Nos. CC 200014857 and CC 200015047 in the Court of Common Pleas of Allegheny County. This sentence was imposed on May 14, 2002.[1] However, at 2:08-cv-1027 he filed an earlier habeas corpus petition seeking to challenge those same convictions. That petition was denied on November 12, 2009 and leave to appeal was denied by the Court of Appeals on March 9, 2010.

On September 23, 2015 Smith sought leave from the Court of Appeals to file a successive habeas corpus petition. On November 4, 2015, at C.A. No. 15-3295, the Court entered the following Order:

> The application under 28 U.S.C. §2244 to file a second or successive petition under 28 U.S.C. §2254 is denied. Smith has not satisfied the requirements for

---
[1] See: Petition and attachments thereto.

1

obtaining authorization to file a second or successive petition. He has not shown that he relies on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," see 28 U.S.C. §2244(b)92)(A), or newly discovered evidence that "could not have been discovered previously through the exercise of due diligence," and which would show that no reasonable factfinder would have found him guilty, see 28 U.S.C. §2244(b)(2)(B).[2]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the Court of Appeals has already determined that Smith cannot file a second or successive petition, this Court cannot proceed any further with his application here and it is recommended that the petition of Lavon Cecil Smith for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate

---

[2] Attached to the instant petition is a representation by Smith dated October 27, 2015 stating that his request for leave to file a successive petition had been granted by the Court of Appeals. Obviously at that time he had not received the November 4, 2015 Order of the Court of Appeals.

of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/ Robert C. Mitchell |
| Filed: Nov. 10, 2015 | United States Magistrate Judge |